CAUSE NO. 22-10862-431 _____

| | | |
|---|---|---|
| **SHANE BURRIS** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **TYSON FOODS, INC. and** | § | |
| **AMIR ATA JABARZADEH** | § | |
| | § | |
| *Defendants.* | § | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Shane Burris files his Original Petition complaining of Defendants Tyson Foods, Inc. and Amir Ata Jabarzadeh (collectively as "Defendants") and respectfully shows the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190 of the *Texas Rules of Civil Procedure*, Plaintiff affirmatively pleads that he seeks monetary relief over $1,000,000.00. Plaintiff also requests that this case be placed into Level 3 Discovery Plan.

### II.
### PARTIES

2. Plaintiff Shane Burris is a resident of Grayson County, Texas.

3. Defendant Tyson Foods, Inc. ("Tyson Foods") is a foreign corporation headquartered in Arkansas and organized under the laws of Delaware. It can be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.



4. Defendant <u>Amir Ata Jabarzadeh</u> ("Jabarzadeh") is an individual who resides in Johnson County, Kansas, and can be served with process at: <u>11448 Conser Street, Overland Park Kansas, 66210</u>, or wherever he may be found.

### III.
### JURISDICTION AND VENUE

5. This Court maintains jurisdiction over Defendant Jabarzadeh because he committed the torts at issue in Texas.

6. This Court maintains jurisdiction over Defendant Tyson Foods because it transacts business in the State of Texas and committed the torts at issue in Texas.

7. Venue is proper in Denton County because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

### IV.
### BACKGROUND FACTS

8. On February 3, 2021, Defendant Jabarzadeh crashed into Plaintiff's vehicle on I-35 in Denton County, Texas when he made an unsafe lane change. Plaintiff attempted to take evasive action, but was unable to avoid the crash. At the time of the collision, Defendant Jabarzadeh was operating an 18-wheeler tractor and trailer owned and/or controlled by Defendant Tyson Foods. Upon information and belief, Defendant Jabarzadeh was in the course and scope of his employment with Defendant Tyson Foods at the time of the crash.

9. Plaintiff suffered serious injuries and damages for which he now brings this lawsuit. Defendants both proximately caused Plaintiff's injuries, and Plaintiff did not cause or contribute to his injuries in any way.

## V.
## CAUSES OF ACTION

### *Negligence – Defendant Jabarzadeh*

10. The collision referenced above, and the resulting injuries and damages were proximately caused by the negligent conduct of Defendant Jabarzadeh in one or more of the following aspects:

   a) In failing to properly exercise his duty of care that a reasonable person would to avoid harm to others in the same or similar circumstances

   b) In failing to keep a proper lookout of which an ordinary, reasonable person would have maintained under the same or similar circumstances;

   c) In failing to safely control one's speed;

   d) In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

   e) In failing to take evasive actions to avoid the collision in question;

   f) In failing to maintain a safe distance between the vehicle he was operating and Plaintiff's vehicle;

   g) In failing to stay alert;

   h) In failing to maintain a single lane of traffic;

   i) In operating a cell phone while operating the vehicle;

   j) In making an unsafe turn/lane change; and

   k) In engaging in various other acts of negligence or negligence *per se* to be specified at the time of trial.

11. Each of the foregoing acts or omissions, singularly or in combination with others, constitutes negligence, which was a proximate cause of the collision and Plaintiff's injuries and damages.

### *Respondeat Superior – Defendant Tyson Foods*

12. Defendant Tyson Foods is liable for Defendant Jabarzadeh's negligence under the doctrine of *Respondeat Superior*. Defendant Jabarzadeh was employed by Defendant Tyson Foods at the time of the collision. Further, he was acting in the course and scope of his employment when he negligently operated the vehicle and trailer owned by Defendant Tyson Foods, which caused the crash that makes the basis of this lawsuit.

### *Negligent Entrustment – Defendants Tyson Foods*

13. Defendant Tyson Foods owned the vehicle that Defendant Jabarzadeh was operating at the time of the collision. Defendant Tyson Foods negligently entrusted its vehicle to Defendant Jabarzadeh to utilize within the course of his employment on the day of the Collision. Defendant Jabarzadeh operated the 18-wheeler with the knowledge, consent, and permission of Defendant Tyson Foods. Defendant Tyson Foods knew or should have known that Defendant Jabarzadeh was a reckless and/or incompetent driver on the day of the Collision. Defendant Tyson Foods could have and should have reasonably anticipated entrusting a vehicle to a reckless and/or incompetent driver would result in injury. Defendant Jabarzadeh's negligence proximately caused Plaintiff's injuries.

### *Negligent Hiring, Training and Supervision – Defendant Tyson Foods*

14. Defendant Tyson Foods failed to use the ordinary care of a reasonable entity when hiring, training, retaining, and supervising its employees to operate their vehicles and trailers safely and reasonably.

15. Defendant Tyson Foods knew or should have known that an employee who was a negligent and/or incompetent driver would pose a serious risk to others while carrying out the duties of his

employment. Defendant Tyson Foods failed to exercise reasonable and ordinary care to avoid harm to others under circumstances similar to those described herein.

## VI.
## DAMAGES

16. As a result of the injuries sustained by Plaintiff caused by the collision in which this lawsuit arises from, Plaintiff sues for the following:

   a. Physical pain and suffering the past;

   b. Physical pain and suffering that Plaintiff will experience in the future;

   c. Mental anguish suffered in the past;

   d. Mental anguish Plaintiff will experience in the future;

   e. Medical expenses incurred in the past;

   f. Medical expenses the Plaintiff will incur in the future;

   g. Physical impairment suffered in the past;

   h. Physical impairment the Plaintiff will suffer in the future;

   i. Disfigurement;

   j. Lost wages past and future;

   k. Loss of earning capacity past and future.

17. Defendants' actions caused Plaintiff to suffer and sustain damages within the jurisdictional requirements of this Court and in such an amount as evidence may show proper at the time of trial.

18. Plaintiff sues Defendants for all causes of action pled in this petition jointly and severally, for all damages Defendants caused Plaintiff described in this Petition.

## VII.
## PREJUDGMENT AND POST JUDGEMENT INTEREST

19. Plaintiff seeks pre-judgement and post judgement interest as allowed by law.

## VIII.
## COURT COSTS

20.   Plaintiff sues to recover court costs as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

21.   Plaintiff demands jury trial and has tendered the appropriate fee.

## X.
## INITIAL DISCLOSURES

22.   Defendants are required to provide initial disclosures in accordance with *Texas Rule of Civil Procedure* 194.2.

## XI.
## RULE 193.7 NOTICE

23.   Plaintiff intends to use Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by *Texas Rule of Civil Procedure* 193.7.

## XII.
## PRAYER

24.   For these reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing hereof, Plaintiff has judgment against Defendants for actual damages, prejudgment and post judgment interest, and costs. Plaintiff further prays for such other and further relief, at law or in equity, general or specific, that Plaintiff may be justly entitled.



Respectfully submitted,

By: /s/ Myles Lenz
Ramez F. Shamieh
Louisiana State Bar No. 35558
Texas State Bar No. 24066683
New York State Bar No. 5280219
Myles Lenz
Texas State Bar No. 24092685
myles@shamiehlaw.com

**SHAMIEH LAW, PLLC**
1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
214.389.7333 telephone
214.389.7335 facsimile
**ATTORNEYS FOR PLAINTIFF**

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
1-20-23 By: _____ Deputy Clerk
Date